NO. 07-04-00405-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 18, 2004

_____

IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION ON PETITION FOR WRIT OF MANDAMUS**

The Court *sua sponte* withdraws its opinion of October 11, 2004, and in lieu thereof substitutes this opinion. Relators David Lee Jones and Alice Redeker seek a writ of mandamus requesting that we order the Honorable Felix Klein, Judge of the 154th District Court of Lamb County, to vacate his order of April 23, 2004, denying their motion to compel discovery. In response, among other things, real party in interest, William B. Jones, Jr. contends that relators have not demonstrated that the denial of their motion to compel discovery constituted a clear abuse of discretion by the trial court. For the reasons set forth, we deny the requested relief.

Although the discovery rules encourage trial courts to limit discovery to avoid undue burdens in production, real party had the burden in the trial court to produce some evidence to support his request for protection. In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex.

1999). Here, relators are entitled to mandamus relief "only to correct a trial court's clear abuse of discretion when no adequate remedy at law exists." *In Re Alford Chevrolet-Geo,* 997 S.W.2d at 176. In our review, regarding factual matters, as an appellate court we may not substitute our judgment for that of the trial court. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992); In re Energas Co., 63 S.W.3d 50, 51 (Tex. App.--Amarillo 2001, orig. proceeding). Therefore, in determining whether mandamus should issue, we must focus on the record that was before the trial court and decide whether the decision was not only arbitrary but also amounted to a clear and prejudicial error of law. In re Bristol-Meyers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998).

An original proceeding filed in this Court must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure. Although a reporter's record of the hearing is included, relators' fact statement in their petition is not supported by a verified affidavit as required by Rule 52.3 of the Texas Rules of Appellate Procedure. Consequently, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice


Campbell, J., concurring.

NO. 07-04-0405-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 18, 2004

_____

IN RE DAVID L. JONES AND ALICE REDEKER, RELATORS

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

CONCURRING OPINION

I concur in the court's denial of relators' petition. In my opinion, relators have not demonstrated the trial court's order reflects a clear abuse of its discretion based on the record presented. *In re Alford Chevrolet-Geo*, 997 S.W.2d 175 (Tex. 1999); *Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992).

James T. Campbell
Justice